UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINDSAY OLSON, | |
| *Plaintiff*, | Case No. 1:25-cv-3875-TJK |
| vs. | PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE |
| BRAND WOODWARD LAW, L.P., et. al. | |
| *Defendants*. | |

Pursuant to the Court's November 11, 2025 Minute Order directing Plaintiff to show cause why the instant case (the "Woodward Action") should not be transferred to Judge Howell as related to *Olson v. Law Offices of Kira Anne West et al.,* 25-cv-3840 (BAH) (the "West Action") under Local Civil Rule 40.5(a)(3), Plaintiff respectfully submits her response.

The two actions involve separate defendants, who at different times in different underlying J6 criminal cases, are alleged to have committed copyright infringement of Plaintiff Lindsay Olson's copyrighted Report that she created and sold for use by criminal defense lawyers in support of venue transfer motions for J6 cases. Each action involves a different set of operative facts. Plaintiff does not oppose or object to transfer of the Woodward Action to Judge Howell to promote judicial economy.

**I. LEGAL STANDARD UNDER LCvR 40.5**

Random assignment of cases is the default rule in this District. "The fundamental rationale for the general rule requiring random assignment of cases is to ensure greater public confidence in the integrity of the judicial process." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000).

1

LCvR 40.5(a)(3) reads: "Civil, including miscellaneous, cases are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent."

"Rule 40.5 allows assignment to the same judge when the earliest case is still pending on the merits before that judge and both cases [meet one of the four (4) criteria for relatedness]… …The party who seeks to avoid random reassignment bears the burden of showing that the cases are related under a provision of Rule 40.5(a)(3)." *Dale v. Exec. Off. of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000). See also *Judicial Watch, Inc. v. Rossotti*, 2002 WL 31100839, at *1 (D.D.C. Aug. 2, 2002).

### A.   THE TWO ACTIONS ARE LIKELY NOT RELATED

In these two pending actions, the earlier filed action is still pending on the merits, so the first prong is satisfied. One criterion under LCvR 40.5(a)(3) must satisfy the second prong.

**1. No Common Property**

Local Civil Rule 40.5(a)(3)(i) references shared interests in the same discrete property. The two actions concern allegations of infringement of copyright, an intellectual property, rather than claims related to real property, physical property or a discrete, identifiable asset. The actions do not concern an identifiable shared common "property" interest in the Report and each defendant is separately required to have obtained authorization from Plaintiff to use the Report.

**2. Common Issues of Fact**

"Cases are related when they involve common issues of fact—not common issues of law." See *J&K Prods., LLC v. SBA*, 2022 WL 703835, at *2 (D.D.C. 2022) (finding

LCvR 40.5(a)(3) requires "common issues of fact," not overlapping legal theories). The D.D.C. has repeatedly held that cases are not related because they involve similar legal claims, legal standards, or legal issues. *See Dale v. EOOP*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).

In "*Comm. on the Judiciary v. McGahn*, Judge Howell determined that two cases were not in fact related because the cases did "not grow out of the same event or transaction." *See Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d at 122." *See Am. Fed'n of Lab. & Cong. of Indus. Organizations v. Trump*, No. CV 25-2445 (PLF), 2025 WL 2301989, at *5 (D.D.C. Aug. 11, 2025).

In determining relatedness of the two actions, Plaintiff relied on different operative alleged facts for each infringement of Plaintiff's Report that occurred independently, at a different time, for a separate commercial purpose, in separate cases, that caused separate public displays with separate damages awards.

**3. Shared Event or Transaction**

The relatedness rule "offers little guidance on the degree of relatedness required to circumvent the normal random assignment system to make a direct assignment to a particular judge, including how much factual overlap is needed, how similar the underlying facts must be, or how to define the relevant event or transaction." *See Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 119 (D.D.C. 2019) (finding McGahn Subpoena Case and *HJC's GJ Materials Application* did not grow out of the same transaction or occurrence).

There is no evidence that the defendants in these two actions acted in concert or are jointly and severally liable, but rather each is separately liable for a separate damages award, and there was no shared or single "event or transaction," which is consistent with a lack of common issues of fact.

**4. Validity or Infringement of the Same Patent**

Subsection (iv) applies only to patent cases.

**II. CONCLUSION**

Because infringement of Plaintiff's Report is alleged in both actions, Plaintiff does not oppose or object to transfer or relatedness of this Woodward Action with the West Action under the Court's inherent discretionary authority to deem the cases related.[1]

Dated: November 17, 2025

Respectfully submitted,

**JAMES H. BARTOLOMEI, III P.A.**

By: /s/ *James H. Bartolomei*
James Bartolomei Esq.
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600 phone
james@duncanfirm.com

*Attorneys for Plaintiff Lindsay Olson*

---

[1] No defendant has been served or made an appearance, and Plaintiff acknowledges that each defendant may challenge relatedness of the two cases once they appear.